IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. 23-CR-00367-RBW

ROCKNE EARLES,

    Defendant.

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE STATUS CONFERENCE**

    Defendant Rockne Earles, by and through his counsel of record, Assistant Federal Public Defender Martín Juárez, respectfully moves this Court to continue the status conference hearing currently scheduled on January 26, 2024 and to vacate and reschedule all other deadlines and settings in this matter for sixty (60) days. In support of his Motion, Mr. Earles states:

1. On October 18, 2023, an eight-count Indictment was filed against Defendant. Accordingly, Mr. Earles faces a substantial amount of incarceration.

2. Undersigned counsel and the entire defense team continue to diligently investigate Mr. Earles' case. However, more time is required. Aside from the difficulty in locating relevant camera footage to the existing charges, the United States has informed the defense of an impending disclosure of discovery relating to a potential new criminal charge.

3. The defense is currently unaware of the size of the impending discovery. Nevertheless, even after receiving that discovery, it must be shared and reviewed with Mr. Earles, then discussions must be had regarding the possibility of a negotiated resolution considering the impending disclosure.

1

2. This case is not currently set for trial.

3. Mr. Earles requests a continuance to complete several tasks that are vital to the defense. Specifically, Defendant requests sixty (60) days from the current status hearing to fully investigate the allegations in the Indictment and prepare for trial. The allegations are nearly two-years old and will require extensive investigation. Investigation has been ongoing, but there is a significant amount of discovery including access to relevant videos that are not easily located, that require a significant amount of time to sort. Sixty (60) days is the estimated minimum amount of time needed to adequately prepare for trial.  Defense counsel cannot and will not be ready for trial in advance of sixty (60) days from the current setting.

4. Defense counsel requires time to review the discovery, discuss the discovery with Defendant, investigate the case, evaluate which motions, if any, need to be filed, and once that is done assess the advisability of a plea agreement or trial. While some review can be conducted via telephone and video, additional time will be required to determine whether any outstanding discovery exists or whether potential witnesses need to be identified. More discovery is anticipated from the United States and that must be fully reviewed with Mr. Earles to fully assess its impact on potential defenses, on any statutory, constitutional, or rule-based motions, the strength of the government's evidence against Mr. Earles as to each charge, and the advisability of a plea agreement.

5. Before defense counsel can adequately advise Mr. Earles about his legal options now that there is a potential additional assault charge, counsel must conduct a thorough and complete investigation into anything that may be determined to be an additional assault including the additional discovery that will soon be produced. Additionally, the locations of the alleged offenses are remote and require a substantial amount of time to travel to and from the locations as

well as meeting with witnesses. Defense counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S. Ct. 2052 (1984).

6. Defense counsel also requires the additional sixty (60) days to determine whether to file pretrial motions and to prepare those motions. Defense counsel cannot adequately advise Mr. Earles on the viability of particular pretrial motions prior to conducting a thorough review of all discovery, completing the defense investigation, discussing the impact of the impending discovery and defense investigation on those potential motions, as well as having adequate opportunity to discuss Mr. Earles's rights and legal defenses without the requested continuance.

7. The impending discovery and potential additional charge will likely facilitate negotiations toward a resolution. Nevertheless, defense counsel must conduct a thorough discovery review and complete the defense investigation before effectively advising Mr. Earles on any negotiated resolution in this case. *Missouri v. Frye*, 566 U.S. 133, 145, 132 S.Ct. 1399, 1408, 182 L.Ed.2d 379 (2012)("This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.").

8. If the parties cannot reach a negotiated resolution, defense counsel requires additional time to prepare for trial particularly if the United States decides to file a superseding indictment. Mr. Earles's right to the effective assistance of counsel includes adequate time to prepare for trial, and effectively complete a defense investigation. Without this time to prepare, Mr. Earles will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of

>opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

9. Mr. Earles therefore respectfully requests a continuance of sixty (60) days to continue investigating the case and preparing for trial. Mr. Earles cannot be and will not be ready for trial in advance of sixty (60) days from the current setting. Counsel believes that length of time to be the minimum needed to review discovery as well as the impending discovery, continuing to locate footage relevant to the already indicted counts, to conduct any follow-up investigation, to engage in plea negotiations with the United States, to file any pretrial motions, and to ensure Mr. Earles receives effective assistance of counsel and is afforded due process.

10. Mr. Earles believes that a continuance of sixty (60) days from the current status hearing is the minimum length of time necessary to complete the following tasks:

   a) To allow defense counsel an opportunity to thoroughly review all additional discovery on his own as well as with Mr. Earles;

   b) To allow defense counsel to conduct a reasonable and thorough investigation as to each of the current counts as well as the potential additional count of assault;

   c) To allow defense counsel to determine whether to file pretrial motions, a decision which cannot be reached until defense counsel has had an opportunity to thoroughly review discovery and conduct a reasonable investigation.

   d) To allow time for Mr. Earles to consider making a formal plea offer.

11. The continuance will not prejudice Mr. Earles as he is not in custody, it will allow counsel an opportunity to prepare an effective defense, and, potentially, to attempt to negotiate a

favorable plea bargain. Counsel has informed Mr. Earles of his rights under the Speedy Trial Act, 18 U.S.C. § 3161, and he understands the need for a continuance and respectfully requests that the Court continue status conference hearing for sixty (60) days from the current setting.

12. In accordance with 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by allowing the defense counsel to complete a thorough review of all discovery, adequately investigate the case, and prepare and file any necessary pretrial motions in addition to the impending discovery and potential additional assault charge.

13. Additionally, a continuance will provide the parties time to discuss the advisability of negotiating a plea agreement, which could materially benefit both parties and the Court. The Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. *See Connolly v. United States,* 2013 WL 530869 (D. N.J. Feb. 11, 2013) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161, et seq.); *United States v. Stanton,* 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to

conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford,* 394 F. App'x, 927, 2010 WL 3622995 (3d Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including the time to discuss plea negotiations and the continuance would likely conserve judicial resources).

14. This Motion is not predicated upon the congestion of the Court's docket.

15 Counsel for the United States, Assistant United States Attorney Sean Brennan, does not oppose this continuance.

**WHEREFORE**, Mr. Earles respectfully requests that this Court continue the status hearing and motions deadline for sixty (60) days as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas Blvd. NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
martin_juarez@fd.org

*Electronically filed January 19, 2024*
/s/ Martín Juárez
Assistant Federal Public Defender
Attorney for Mr. Earles